UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

EVELYN RIVERA RODRIGUEZ,

    Plaintiff,

v.                                                    Case No: 6:18-cv-503-Orl-18TBS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to the Social Security Act ("Act"), as amended, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of Defendant, the Commissioner of the Social Security Administration ("Commissioner") denying her claim for disability insurance benefits under the Act. Upon a review of the record, I respectfully recommend that the Commissioner's final decision in this case be **AFFIRMED**.

## Background[1]

Plaintiff applied for a period of disability and disability insurance benefits on November 12, 2013, alleging that she became disabled on May 31, 2012 (Tr. 175-181). She later amended her onset date to April 17, 2014 (Tr. 23, 192). Plaintiff was fifty-four years old with past work experience as a worker, domestic services (sedentary, skilled work) and secretary (sedentary, skilled work) when her case came on for the administrative hearing (Tr. 30, 61-62). She alleged disability due to "back, shoulder, nerve issues, osteopenia." (Tr. 193).

---

[1] The information in this section is taken from the Joint Memorandum (Doc. 18).

Plaintiff's applications were denied initially and on reconsideration (Tr. 89-91, 92-98), and she requested and received a hearing before an administrative law judge ("ALJ") (Tr. 99-100, 39-67). On April 28, 2017, the ALJ issued an unfavorable decision, finding Plaintiff not disabled (Tr. 17-38). On January 31, 2018, the Appeals Council denied Plaintiff's request for review (Tr. 1-8), making the April 2017 opinion of the ALJ the final decision of the Commissioner.

Plaintiff brings this action after exhausting her available administrative remedies. This dispute has been fully briefed and was referred to me for issuance of a report and recommendation.

## The ALJ's Decision

When determining whether an individual is disabled, the ALJ must follow the five-step sequential evaluation process which appears in 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4). Specifically, the ALJ must determine whether the claimant: (1) is currently employed; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals an impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. See Phillips v. Barnhart, 357 F.3d 1232, 1237-1240 (11th Cir. 2004). The claimant bears the burden of persuasion through step four and at step five, the burden shifts to the Commissioner to prove that other jobs exist in the national economy that the claimant can perform. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987); Phillips, 357 F.3d at 1241 n.10.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date (Tr. 25). At step two, the ALJ determined that Plaintiff suffered from the severe impairments of lumbar spine degenerative disc disease, diabetic

polyneuropathy, headaches, obesity and shoulder impairment (20 C.F.R. § 404.1520(c)) (Id.). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (Tr. 25-26). Next, the ALJ decided that Plaintiff had the residual functional capacity ("RFC") to perform

> medium work as defined in 20 CFR 404.1567(c) except the claimant is limited to unskilled work. Further, she is unable to climb ladders, ropes or scaffolds; can only occasionally climb ramps and stairs; should avoid exposure to hazards such as heights or machinery with moving parts. She can reach frequently (including overhead) with her upper extremities; can frequently handle and finger with her upper extremities. Moreover, she is unable to perform at production rate pace work; can tolerate only occasional changes in the routine work setting, and is likely to be absent from work 1 day per month.

(Tr. 26). At step four, the ALJ determined that Plaintiff was unable to perform any past relevant work (Tr. 30), but, with the assistance of vocational expert testimony, the ALJ concluded at step five that, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that she can perform (Tr. 30-31). As a result, the ALJ found that Plaintiff was not under a disability from her alleged onset date through the date of the ALJ's decision (Tr. 32).

## Standard of Review

The scope of the Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the ALJ's findings are supported by substantial evidence. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004). Findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla but less than a preponderance. It is such

relevant evidence that a reasonable person would accept as adequate to support a conclusion." Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted). When the Commissioner's decision is supported by substantial evidence the district court will affirm even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision. Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996). The district court may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the Commissioner. Id. (internal citation omitted). "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision." Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (*per curiam*); accord Lowery v. Sullivan, 979 F.2d 835, 837 (11th Cir. 1992) (the court must scrutinize the entire record to determine the reasonableness of the factual findings).

## Discussion

### Evaluation of Medical Evidence

Plaintiff contends that the ALJ erred in finding that she had the RFC to perform medium work "when no physician reached the same conclusion." But, as noted by the Commissioner, there is no requirement that an ALJ base an RFC finding on a medical source's opinion. The ALJ, and not any medical source, determines the claimant's RFC. See Robinson v. Astrue, 365 F. App'x 993, 999 (11th Cir. 2010) ("[T]he task of determining a claimant's [RFC] ... is within the province of the ALJ, not of doctors."); Castle v. Colvin, 557 F. App'x 849, 853-54 (11th Cir. 2014) (accord). In fact, "a medical source statement is not essential to an RFC determination. The ALJ is under no obligation to obtain or adopt a medical source statement's findings as her RFC finding." Smith v. Comm'r, Soc. Sec. Admin., No. 2:15-CV-00964-HGD, 2017 WL 167322, at *6

(N.D. Ala. Jan. 17, 2017).

Plaintiff next argues that her RFC assessment is not based on substantial evidence because the ALJ did not properly evaluate the medical opinions. In particular, Plaintiff objects to the ALJ's evaluation of the opinions of Dr. Christina Rodriguez, a non-examining physician, and Dr. Luis Morales, Plaintiff's treating physician.

The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. Winschel, 631 F.3d at 1178-79 (citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2); Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir. 1987).) When evaluating a physician's opinion, an ALJ considers numerous factors, including whether the physician examined the claimant, whether the physician treated the claimant, the evidence the physician presents to support his or her opinion, whether the physician's opinion is consistent with the record as a whole, and the physician's specialty. See 20 C.F.R. §§ 404.1527(c), 416.927(c). All opinions, including those of non-treating state agency or other program examiners or consultants, are to be considered and evaluated by the ALJ. See 20 C.F.R. §§ 404.1527, 416.927, and Winschel.

Substantial weight must be given to the opinion, diagnosis and medical evidence of a treating physician *unless there is good cause to do otherwise*. See Lewis v. Callahan, 125 F.3d 1436 (11th Cir. 1997); Edwards v. Sullivan, 937 F.2d 580, 583 (11th Cir. 1991); 20 C.F.R. § 404.1527(d). Good cause for disregarding an opinion can exist when: (1) the opinion is not bolstered by the evidence; (2) the evidence supports a contrary finding; or

(3) the opinion is conclusory or is inconsistent with the source's own treatment notes. Lewis, 125 F.3d at 1440. Regardless of whether controlling weight is appropriate, "the Commissioner 'must specify what weight is given to a treating physician's opinion and any reason for giving it no weight." Hill v. Barnhart, 440 F. Supp. 2d 1269, 1273 (N.D. Ala. 2006) (citation omitted); see also Bliven v. Comm'r Soc. Sec., No. 6:13-cv-1150-Orl-18, 2014 WL 4674201, at *3 (M.D. Fla. Sept. 18, 2014).

*Dr. Rodriguez*

State agency medical consultant Dr. Cristina Rodriguez reviewed the medical evidence available on August 23, 2014 and opined that Plaintiff could perform light-level work (Tr. 84-86). The ALJ addressed this opinion in his decision:

> Dr. Rodriguez, State Agency physician, opined on August 23, 2014, that the claimant is able to lift, carry, push and pull 20 pounds occasionally and 10 pounds frequently; is able to stand and/ or walk for about 6 hours and sit for about 6 hours in an 8 hour workday; that she can occasionally climb ramps and stairs, balance and stoop but should never climb ladders, ropes or scaffolds (Ex. 5A). The undersigned finds that the totality of the medical evidence indicates that the claimant is less limited. Specifically, the totality of the medical evidence and objective medical findings do not indicate that the claimant's back problems and residual effects of a shoulder condition impede her functioning. Notably, range of motion testing has been either slightly abnormal or normal throughout the relevant period. However, the undersigned finds that Dr. Rodriguez' opinion as to the claimant's postural limitations is somewhat consistent with evidence of the claimant's degenerative lumbar spine and obesity.

(Tr. 29). Plaintiff claims the ALJ erred in discounting this opinion, because Dr. Rodriguez "took into account more than just 'motion testing' when reaching her medical conclusion." (Doc. 18 at 12, citing Tr. 84-85).[2] The Commissioner disagrees, noting that the ALJ

---

[2] The fact that Dr. Rodriguez found claimant to be capable of light level work is important because, if the ALJ decided that Plaintiff was so limited, she would be considered disabled under the Medical-Vocational Guidelines when she reached the age of 55, a few months after the hearing. See Tr. 63 ("ALJ:

- 6 -

explicitly discounted Dr. Rodriguez's opinion based upon "the totality of the medical evidence" which he found "indicates that the claimant is less limited." (Tr. 29). The Commissioner is correct.

While the ALJ noted range of motion testing, there is no indication that the decision to discount Dr. Rodriguez's opinion was based solely on this testing. Rather, the ALJ found: "Specifically, *the totality of the medical evidence and objective medical findings* do not indicate that the claimant's back problems and residual effects of a shoulder condition impede her functioning." (Tr. 29, emphasis added). This finding is supported by the substantial evidence cited throughout the ALJ's decision, including the ALJ's discussion of MRI studies of Plaintiff's lumbar spine (Tr. 27); physical examination of Plaintiff in January 2014 (Id.); Dr. Edward L. Demmi's consultative examination (Tr. 27-28); and physical examinations of Plaintiff in April 2014 and thereafter (Tr. 28). Thus, there is substantial evidence to support the ALJ's evaluation of Dr. Rodriguez's opinion.

*Dr. Morales*

Plaintiff began treatment with Dr. Luis Morales on April 17, 2014, the amended alleged onset date of disability (Tr. 343). Following a series of visits with largely normal and unremarkable findings,[3] Dr. Morales completed a medical source statement opining

---

And I'll note that the claimant is currently – she'd grid out at sedentary and she comes close to gridding out at light.").

[3] According to the joint memorandum and as borne out by the transcript, during Plaintiff's first visit with Dr. Morales, she was found to have tenderness on palpitation in the lumbosacral spine and spasms of the paraspinal muscles, but Dr. Morales' musculoskeletal findings were otherwise normal and included negative straight leg raising (Tr. 345). Plaintiff was neurologically intact with normal gait and station, reflexes, and sensations (Tr. 345-346). On May 5, 2014 examination, musculoskeletal and neurological findings were normal (Tr. 352). Dr. Morales observed no lumbar spine tenderness or spasms (Tr. 352). The following month, on June 5, 2014, Dr. Morales' examination findings reflect her back was "normal" as were his musculoskeletal and neurological findings (Tr. 360). A June 16th follow up examination showed "normal" musculoskeletal and neurological findings (Tr. 365). The medical source statement followed in October (Tr. 378-380).

that Ms. Rodriguez could lift less than ten pounds occasionally and less than ten pounds frequently; could stand and walk two hours in an eight-hour workday; must periodically alternate sitting and standing; was limited in the use of her upper extremities due to diabetic polyneuropathy; could never climb or balance; could occasionally kneel, crouch, crawl; and was limited in reaching in all directions, handling and fingering (Tr. 378-380). The ALJ acknowledged the opinion but discounted it, stating:

> Little weight is given to Dr. Morales's opinion. While he, as the claimant's treating physician, has been able to observe the claimant fairly frequently, his opinion is significantly unlike all other medical evidence and his own clinical notes. Specifically, he opined on October 29, 2014, that the claimant is able to lift, carry, push and pull less than 10 pounds occasionally and frequently; is able to stand and/ or walk at least 2 hours in an 8 hour workday; and must periodically alternate sit and stand. Further, he opined that the claimant is limited in the use of the upper extremities due to the claimant's lumbago, diabetic polyneuropathy, and headache syndrome. Further, Dr. Morales opined that the claimant should never climb or balance[], and is limited to occasional balancing, kneeling, crouching and crawling; Is limited in reaching, handling, and fingering; in her exposure to temperature extremes, noise, dust, vibration, humidity/wetness, hazards and respiratory irritants (Ex. 8F). The claimant's treatment since then, namely since 2014, has been minimal, and as outlined above, her physical examinations do not lend support for this opinion. Accordingly, it is given little weight and the undersigned is more persuaded by a later opinion by the consultative examiner.

(Tr. 29-30).

Plaintiff argues that the ALJ's rationale lacks support because the consultative examiner's opinion referenced by the ALJ was actually offered *prior* to the opinion of Dr. Morales, and was therefore not "a later opinion," as the ALJ stated. While the opinion of the consultative examiner was, indeed, rendered prior to that of Dr. Morales,[4] I am not

---

[4] The consultative examination occurred on January 22, 2014 (Tr. 323-330).

- 8 -

persuaded that this mis-statement by the ALJ constitutes reversible error. The ALJ gave Dr. Morales' opinion little weight because it is unlike all other medical evidence; was inconsistent with Dr. Morales' own clinical notes; Plaintiff's treatment since the opinion has been minimal; and physical examinations do not support the opinion (Tr. 29-30). These reasons are supported by substantial evidence and are sufficient to establish good cause for discounting Dr. Morales' opinion. Therefore, I agree with the Commissioner that the date of the consultative examiner's opinion is not shown to be material to the ALJ's rationale for discounting Dr. Morales' opinion.

Vocational Expert

Plaintiff's final contention is that the ALJ improperly relied upon the testimony of a vocational expert ("VE") after posing and relying on a hypothetical question that did not adequately reflect Plaintiff's limitations. Again, I am not persuaded. At step five the burden of going forward shifts to the Commissioner "to show the existence of other jobs in the national economy which, given the claimant's impairments, the claimant can perform." Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987). The jobs must exist in significant numbers in the national economy. 20 C.F.R. § 404.1566(a). The ALJ is required to "articulate specific jobs that the claimant is able to perform, and this finding must be supported by substantial evidence, not mere intuition or conjecture." Wilson v. Barnhart, 284 F.3d 1219, 1227 (11th Cir. 2002) (citing Allen v. Sullivan, 880 F.2d 1200, 1201 (11th Cir. 1989)).

Regulations provide that the ALJ may take administrative notice of reliable job information available from various governmental and other publications, including the Dictionary of Occupational Titles. 20 C.F.R. § 404.1566(d). The ALJ may also rely on the testimony of a VE. "When, as here, 'the claimant cannot perform a full range of work at a

given level of exertion or the claimant has non-exertional impairments that significantly limit basic work skills[,] … the Commissioner's preferred method of demonstrating that the claimant can perform other jobs is through the testimony of a VE.'" Curcio v. Comm'r of Soc. Sec., 386 F. App'x 924, 925 (11th Cir. 2010) (quoting Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999). When "the ALJ elects to use a vocational testimony to introduce independent evidence of the existence of work that a claimant could perform, the ALJ must pose a hypothetical question that encompasses all of the claimant's severe impairments in order for the VE's testimony to constitute substantial evidence." Chavanu v. Astrue, No. 3:11-cv-388-J-TEM, 2012 WL 4336205, at *9 (M.D. Fla. Sept. 21, 2012) (citing Pendley v. Heckler, 767 F.2d 1561, 1563 (11th Cir. 1985).

Plaintiff acknowledges that the ALJ posed a hypothetical question that incorporated the limitations contained in her RFC assessment (Doc. 18 at 23, Tr. 62). But Plaintiff argues that her RFC assessment did not accurately reflect all of her limitations because the ALJ did not include the limitations found by Drs. Rodriguez and Morales. This contention is without merit. An ALJ is "not required to include findings in the hypothetical that the ALJ had properly rejected as unsupported." Crawford, 363 F.3d at 1161. As discussed above, substantial evidence supports the ALJ's determination not to credit the opinions of Drs. Rodriquez and Morales. As such, the ALJ was under no obligation to include the limitations contained in those opinions in Plaintiff's RFC assessment or the hypothetical question posed to the VE. No error is shown.

"If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." Phillips v. Barnhart, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004); Miles, supra. "We may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]" Id. (internal

quotation and citations omitted). As the Commissioner's decision was made in accordance with proper legal standards and is supported by substantial evidence, it is due to be affirmed.

### Recommendation

Upon consideration of the foregoing, I respectfully recommend that the Commissioner's final decision in this case be **AFFIRMED** and that the Clerk be directed to enter judgment accordingly and **CLOSE** the file.

### Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on December 27, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record

- 11 -